**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| LIONELL E. EPHRAIM, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:12-04701** |
| | ) | |
| KAREN F. HOGSTEN, Warden, | ) | |
| FCI McDowell, | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On August 27, 2012, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West

Virginia, and acting *pro se*, filed his Application To Proceed *in Forma Pauperis* (Document No. 1.)

and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal

Custody (Document Nos. 2 and 2-1).[1] Petitioner alleges that the Federal Bureau of Prisons [BOP]

is improperly calculating his term of imprisonment. (Document No. 2-1.) By Standing Order, this

matter was referred to the undersigned United States Magistrate Judge for the submission of

proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §

636(b)(1)(B). (Document No. 4.)

## PROCEDURE AND FACTS

Petitioner was arrested by State authorities on August 29, 1990, in Virginia Beach, Virginia,

for multiple charges of Robbery and Use of a Firearm. (Document No. 9-1, p. 3.) Petitioner was held

in State custody. (Id.) On December 10, 1990, Petitioner was borrowed pursuant to a Federal Writ

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of Habeas Corpus Ad Prosequendum from the State of Virginia for the purpose of appearing in the United States District Court for the Eastern District of Virginia on Federal charges arising out of the same course of conduct as the State charges. (Document No. 9-1, p. 3 and Document No. 9-2, pp. 7 - 8.) On the same day, Petitioner was returned to State custody. (Id.) Petitioner was borrowed pursuant to a Federal Writs of Habeas Corpus Ad Prosequendum and returned to State authorities on numerous occasions while his Federal case was proceeding. (Document No. 9-2, pp. 7 - 8.) On August 14, 1991, the Circuit Court of Virginia Beach, Virginia, imposed a 38-year term of imprisonment, with 12 years suspended, for Petitioner's multiple convictions of Robbery and Use of a Firearm. (Document No. 9-1, p. 3 and Document No. 13-1, pp. 21 - 22.) On December 12, 1991, the United States District Court for the Eastern District of Virginia imposed a 216-month term of imprisonment for Petitioner's conviction of Conspiracy to Commit Robbery, Armed Robbery, and Use of a Firearm in the Commission of a Crime of Violence. (Document No. 9-2, pp. 2 - 5.) Following sentencing, Petitioner was returned to State custody with the Federal Judgment and Commitment Order filed as a detainer. (Id., p. 8.) While in State custody, Petitioner filed a request for nunc pro tunc designation with the BOP. (Document No. 9-1, p. 4.) On June 3, 2004, the BOP denied Petitioner's request for nunc pro tunc designation. (Id..) Petitioner completed his State sentence on August 28, 2006, and was released to Federal authorities. (Document No. 9-1, p. 3 and Document No. 9-2, p. 12.)

In 2009, Petitioner filed in the Eastern District of North Carolina a Section 2241 Petition arguing that he was entitled to nunc pro tunc designation. Williams v. Stephens, Case No. 5:09-hc-2131 (E.D.N.C. June 7, 2011).[2] By Judgment Order entered on June 7, 2011, the Eastern District of

---

[2]  The Court notes that Petitioner is also known as Lionel Elizah Williams.

2

North Carolina granted Petitioner's Motion for Summary Judgment and directed Respondent "to reconsider Petitioner's request for nunc pro tunc designation pursuant to 18 U.S.C. § 3621(b) and this opinion." Id., Document No. 20. Upon reconsideration, the BOP determined that Petitioner's sentence was inappropriate for nunc pro tunc designation.

On April 27, 2011, Petitioner filed in the Eastern District of Virginia a Motion to Correct his Criminal Judgment Under Rule 36. United States v. Williams, Case No. 2:90-cr-0149, Document No. 15. On January 17, 2012, Petitioner filed his second Motion to Correct his Criminal Judgment Under Rule 36. Id., Document No. 25. By Order entered on January 31, 2012, the District Court denied Petitioner's Motion. Id., Document No. 27. On January 2, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. Id., Document No. 33. By Order entered on May 21, 2013, the District Court denied the motion as successive. Id., Document 35.

On August 27, 2012, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document Nos. 2 and 2-1.)[3] First, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Petitioner argues that the BOP improperly denied him nunc pro tunc designation on July 19, 2011. (Id., pp. 4 - 8, 21 - 26.) Petitioner contends that the BOP did not consider the "statements by the sentencing judge recorded in his sentencing transcript, clearly expressing the judge's hope that he receive credit for both state and federal sentences." (Id., pp. 5 - 7.) Petitioner complains that the BOP "did not consider the sentencing judge's statements and went on to rely on the judge's silence as implicating his intent to run Ephraim's state and federal

---

[3] Petitioner has filed numerous actions in this Court: (1) *Ephraim v. Cauley*, 1:11-cv-00107 (Section 2241 Petition); (2) *Ephraim v. Hogsten*, 1:11-cv-02339 (Section 2241 Petition); and (3) *Ephraim v. United States*, 1:11-cv-0785 (FTCA action).

3

sentences consecutive under the presumption of § 3584(a)." (<u>Id.</u>) Petitioner states that the "sentencing judge's statements, at minimum, clearly indicate that he would favor the grant of concurrent designation under the facts of Ephraim's case." (<u>Id.</u>, p. 7.) Petitioner further states that he disagrees with the BOP's determination that "Factor 5 was not applicable." (<u>Id.</u>, pp. 5 and 8.) Petitioner claims that the BOP should have "considered "U.S.S.G. § 5G1.3." (<u>Id.</u>) Second, Petitioner argues that the BOP should have given deference to his invalid federal sentence. (<u>Id.</u>, pp. 8 - 9.) Petitioner states that the "sentencing court failed to comply with statutory directives governing the imposition of his sentence and failed to consider and apply mandatorily applicable sentencing guidelines, that if applied those guidelines would have significantly decreased the length of his federal sentence." (<u>Id.</u>, p. 8.) Specifically, Petitioner claims that the sentencing court failed to apply U.S.S.G. §§ 5G1.3, 5G1.2, and 3D1.2. (<u>Id.</u>, pp. 9 - 10.) Third, Petitioner argues that the BOP violated the "Accardi Doctrine" by failing to follow its own mandatory review process when considering his request for nunc pro tunc designation. (<u>Id.</u>, pp. 11 - 15.) Fourth, Petitioner argues that 18 U.S.C. § 3584(a) is unconstitutional. (<u>Id.</u>, pp. 16 - 21.) Fifth, Petitioner argues that the BOP denied his request for nunc pro tunc designation as a result of retaliatory conduct. (<u>Id.</u>, pp. 20 - 21.)

By Order entered on January 24, 2013, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* and directed Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

On February 25, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on August 28, 2006" (<u>Id.</u>, pp. 5 - 7.); (2)

"Petitioner is not entitled to nunc pro tunc designation" (Id., pp. 7 - 10.); (3) "Petitioner cannot challenge the imposition of his sentence in this action" (Id., pp. 10 - 11.); (4) Petitioner's argument based upon the Accardi Doctrine is without merit (Id., pp. 11 - 13.); (5) The Court need not reach the issue of the constitutionality of 18 U.S.C. § 3584(a) (Id., p. 13.); (6) Petitioner's claim of retaliation is without merit (Id., pp. 13 - 14.); and (7) "Petitioner's 'unusual circumstances' argument is unavailing" (Id., pp. 14 - 15.)

In support, Respondent attaches the following Exhibits: (1) The Declaration of J.R. Johnson, Correctional Programs Specialist (Document No. 9-1.); (2) A copy of Petitioner's Judgment Order as filed in the Eastern District of Virginia in Case No. 90-cr-0149 (Document No. 9-2, pp. 2 - 5.); (3) A copy of the U.S. Marshals Service Form 129 (Id., pp. 7 - 8.); (4) A copy of SENTRY "Public Information Inmate Data as of 02-20-2013" (Id., pp. 10 - 13.); (5) A copy of a letter from Forest B. Kelly, Correctional Programs Specialist, dated September 7, 2011 (Id., pp. 15 - 16.); (6) A copy of the Order directing the BOP to reconsider Petitioner's request for nunc pro tunc designation as filed in the Western District of North Carolina in Case No. 5:09-cv-2131 (Id., pp. 18 - 26.); (7) A copy of the "Factors Under 18 U.S.C. § 3621(b) Worksheet" (Id., p. 28.); (8) A copy of Petitioner's Administrative Remedy Requests and Attachments (Id., pp. 30 - 40.); (9) A copy of Mitchell v. Lara, 2012 WL 1080290 (S.D.N.Y. April 2, 2012) (Document No. 9-3, pp. 2 - 5.); and (10) A copy of Trowell v. Beeler, 135 Fed.Appx. 590 (4th Cir. 2005) (Id., pp. 6 - 11.).

On April 22, 2013, Petitioner filed his Reply to Respondent's Answer. (Document No. 13.) First, Respondent argues that his "underlying factual assertion that his federal consecutive sentence is invalid does not defeat the cognizable nature of his primary habeas claims under Ground One and Ground Seven of his § 2241 Application." (Id., pp. 3 - 7.) Second, Petitioner claims that "[t]he

district court has jurisdiction under both § 2241 and § 1651(a)[4] to remedy the constitutional infringements flowing from Ephriam's invalid sentence, under Ground Seven." (Id., pp. 7 - 16.) Third, Petitioner asserts that the BOP's "failure to consider the sentencing judge's relevant statements constitutes an abuse of discretion." (Id., pp. 16 - 18.) Fourth, Petitioner contends that the BOP "did not consider the unforeseen detrimental change in sentencing facts relied upon by the

---

[4]  Writs of Error *Coram Nobis* may be issued in criminal matters under 28 U.S.C. § 1651, the All Writs Act, under very limited circumstances. The United States Supreme Court explained in *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *Fleming v. United States*, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); *see also United States v. Mandanici*, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000), *cert. denied*, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). Proceedings held in *coram nobis* may not supplant proceedings under Section 2255, *United States v. Barrett*, 178 F.3d 34, 55, (1st Cir. 1999), *cert. denied*, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. *Durrani v. United States*, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); *Sun v. United States*, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), *aff'd*, 151 Fed. Appx. 860 (11th Cir. 2005), *cert. denied*, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. *Durrani v. United States*, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003).

Petitioner's claim that he is entitled to a Writ of Error Coram Nobis is clearly procedurally barred, and the District Court should refuse to consider it. Petitioner is still 'in custody' for purposes of a § 2255 motion. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Therefore, Petitioner continues to have recourse under Section 2255, albeit very limited in view of his previous unsuccessful attempts to obtain *habeas* relief as noted above. Section 2255 is controlling and *coram nobis* consideration is unavailable.

sentencing judge." (Id., pp. 18 - 21.) Fifth, Petitioner continues to argue that the BOP's "failure to follow its own substantive rules and policy in making its determination denying Ephraim's request is violative of the Accardi Doctrine." (Id., pp. 22 - 26.) Finally, Petitioner states that the "constitutionality of 18 U.S.C. § 3584(a) is a constitutional question that must be answered in order to fairly resolve Ephraim's instant and relevant habeas claims." (Id., pp. 26 - 28.)

In support, Petitioner attaches a copy of the following: (1) A copy of his sentencing transcripts as filed in the Eastern District of Virginia in Criminal Action 90-149 (Document No. 13-1, pp. 2 - 16.); (2) A copy of Petitioner's Plea Agreement as filed in the Eastern District of Virginia in Criminal Action 90-149 (Id., pp. 18 - 19.); (3) A copy of the transcripts of Petitioner's sentencing hearing as filed in the Circuit Court of Virginia Beach (Id., pp. 20 - 21.); (4) A copy of the "Department of Corrections Division of Operations Uniform Commitment Report" dated January 17, 2002 (Id., p. 23.); (5) A copy of the "Parole Release Approval" from the Commonwealth of Virginia Parole Board dated April 12, 2004 (Id., p. 25.); (6) A copy of the "Abrogation of Order of Release" from the Commonwealth of Virginia Parole Board dated April 29, 2004 (Id., p. 26.); (7) A copy of a Memorandum from the Virginia Department of Corrections dated April 29, 2004, regarding "Ineligibility for Discretionary Parole" (Id., p. 27.); (8) A copy of Program Statement 5160.05 (Id., pp. 29 - 40.); (9) A copy of Administrator Harrell Watt's Response dated September 16, 2008, regarding Administrative Remedy No. 471776-A2 (Id., p. 42.); and (9) A copy of the "Factors Under 18 U.S.C. § 3621(b) (Id., p. 43.).

## ANALYSIS

**A.    Petitioner's Federal sentence did not commence until August 28, 2006.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the

7

defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on August 29, 1990. Accordingly, State authorities obtained primary jurisdiction on August 29, 1990. On December 10, 1990, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum for the purpose of appearing for proceedings on Federal charges in the United States District Court for the Eastern District of Virginia. Petitioner was returned to State custody on the same day. On August 14, 1991, the Circuit Court of Virginia Beach, Virginia, imposed a 38-year term of imprisonment, with 12 years suspended, for Petitioner's multiple convictions of Robbery and Use of a Firearm. Petitioner was temporarily transferred into Federal custody numerous times, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on December 12, 1991, to a 216-month term of imprisonment. He was then transferred back into State custody with the Federal judgment was filed as a detainer. On August 28, 2006, Petitioner was discharged from his State sentence. Accordingly, Petitioner's Federal sentence did not commenced until August 28, 2006, the day he was released into Federal custody.

**B.      Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See

United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence --
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > **(B)** recommending a type of penal or correctional facility as appropriate; and
> >
> > **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's

request for nunc pro tunc designation. (Document No. 9-2, p. 28.) The Worksheet reveals that nunc pro tunc designation was denied based upon "the nature and circumstances of the offense," "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)," and "any statement by the court that imposed the sentence."[5] In considering "the nature and circumstances of the offense" (Factor 2), the BOP noted as follows:

> Williams is currently serving a federal sentence for Conspiracy to Commit Robbery; Armed Robbery; Firearm During Crime of Violence. Williams requests concurrent service with his state sentence for Robbery; Burglary; Use of Firearm During Felony; Statutory Burglary; Possession of Marijuana.

Concerning Petitioner's "history and characteristics," the BOP noted as follows:

> Although inmate Williams does not have a disciplinary history during his incarceration with the BOP, he has a somewhat lengthy list of prior convictions listed in his Pre-Sentence Investigation Report. These prior offenses include: 4x-Petit Larceny; Tampering with an Automobile; Breaking and Entering; Burglary; Grand Larceny; Robbery; Contempt of Court; Receiving Stolen Goods; Statutory Burglary; DWI; and a Violation of Probation.

(Id.) In considering "any statement by the court that imposed the sentence," the BOP noted as follows:

> That state had already imposed its sentence at the time of federal sentencing. The federal J&C Order was silent as to how the federal sentence would run in relation to the state sentence, which implies the court intended its sentence to run consecutive to the state sentence pursuant to 18 U.S.C. § 3584(a).

(Id.) Citing portions of the sentencing transcript, Petitioner continuously argues that the BOP failed to consider the sentencing judge's statement that he "hope[d] that [Petitioner] received credit for both state and federal sentences." A review of the sentencing transcripts, however, does not support Petitioner's position. Petitioner cites the following statements made by the sentencing judge:

---

[5] The Operations Manager and Section Chief recommended that nunc pro tunc designation be denied based upon Factors 2, 3, and 4. (Document No. 9-2, p. 28.)

THE DEFENDANT: I apologize to the court and to the United States with my offenses against it, and I'm just sorry for what I've done. And that's all I can say.

THE COURT: Well, I guess that's about all you can say, Mr. Williams. I hope that the sum of time which will  - - you will be given credit. You've been in jail almost 280 some days, and that has I hope gotten you off of - - dried you out from the cocaine use and the abuse of alcohol or whatever, marijuana that you started at age 10 I see. And to that extent, there is probably some meaning for this in your incarceration; that I hope it gives you a better outlook on life and responsibilities to it. But then I'm not a philosopher, Mr. Williams, nor am I a chaplain.

In these cases, those involving Leroy Boone and Fred Brown and whatever the other people's names were that were involved with you, I found the guidelines to be onerous because they had this sawed-off shotgun that you all ran around with which has been said to be not workable. But in any event, fills the category so far as armed force is concerned. Let me find my sheet. That the thing got weighted in the cocaine orgy that you all went through for the latter part of August.

And I ran some of the counts together as being all part of the same thing in order to move the sentence down to what I thought was reasonable as opposed to what Mr. Alberi said was reasonable, and that all those have been appealed. And I assume some day I'm gong to hear from them saying so.

But in the meantime, in light of the time that is left in the state system, I have the same concern about you. That if I wound this thing up like the guidelines would have it, we would end up with nearly 400 months, and I think that's overwhelming. And I'm going to find some way to cutback on that.

On Count 1, the conspiracy count, it's the judgment of the court that you be sentenced to the custody of the Bureau of Prisons to be by them incarcerated for a period of 60 months. That's the time for the conspiracy.

On Count 2, I'm going to conclude that the statutory burglary

11

charge, which now under the guidelines is a crime of violence and can't impose - - enhance the consequences by virtue of that, but which was not included as a crime of violence at the time that this actually occurred back in 1982 or '3, I believe.

And as to another offense in 1982, I'm going to cut out the career offender finding that Ms. Walker necessarily had to find and enter the charge; an offense level of 21 instead of 34, and where I find that the offense level carries 77 to 96 months. And having giving you the break by getting you there, I'm going to use the 96 months count.

And as to Count 3, the minimum is 60 months which must be complied with.

So, to review. On Count 1, the court sentences you to the custody of the Bureau of Prisons to be by them incarcerated for a period of 60 months. On Count 2, the court sentences you to the custody of the Bureau of Prisons to be by them incarcerated for a period of 96 months which shall be consecutive to Count 1. And in Count 3, the court sentences you to the custody of the Bureau of Prisons to be by them incarcerated for a period of 60 months, which by law must be consecutive, which makes the total sentence 216 months as opposed to 300 - - some 380 that might otherwise have been imposed.

(Document No. 13-1, pp. 11 - 13.) A review of the foregoing indicates that the Federal sentencing judge considered Petitioner's State sentence and imposed a lesser Federal sentence. In light of Petitioner's State sentence and a possible guideline range of up to approximately 400 months, the Federal sentencing judge stated that such a sentence would be overwhelming. Therefore, the Federal sentencing judge "cutback" on Petitioner's Federal sentence by imposing a 216-month term of imprisonment. The undersigned finds no indication that the Federal sentencing judge intended to run Petitioner's Federal sentence concurrently with his State sentence. Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

12

To the extent Petitioner contends that his case is similar to <u>Jefferson v. Berkebile</u>, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010), the Court finds his claim to be without merit. Unlike <u>Jefferson</u>, there is no evidence that the Federal sentencing judge imposed Petitioner's Federal sentence based upon false assumptions concerning Petitioner's State sentence. In <u>Jefferson</u>, the Federal sentencing judge made statements indicating that a lengthy Federal sentence was imposed based on the assumption that (1) petitioner's impending State sentence would run concurrently with his Federal sentence, (2) petitioner would be transferred from a State jail to a Federal prison shortly after the sentencing hearing, and (3) petitioner's Federal sentence would likely be the only punishment petitioner would receive. In <u>Jefferson</u>, the District Court concluded that the Federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure." <u>Id.</u>, 688 F.Supp.2d at 486. Unlike the facts in <u>Jefferson</u>, there is no evidence that the Federal sentencing judge imposed a greater sentence based upon a false assumption that Petitioner would serve his Federal and State sentences concurrently. As stated above, the record indicates that the Federal sentencing judge considered Petitioner's State sentence and imposed a reduced Federal sentence. Additionally, there is no indication in the record that the Federal sentencing judge intended for Petitioner's Federal sentence to run concurrent with his State sentence.

## C.    Invalid Sentence.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." <u>Boysaw v. United States</u>, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the

Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Thus, before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.

The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).")  "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

Although Petitioner claims to be challenging the "execution" of his sentence, Petitioner is clearly challenging the validity of his sentence imposed by the Eastern District of Virginia. Specifically, Petitioner argues that the Eastern District of Virginia failed to properly sentence him under the mandatory Sentencing Guidelines and failed to comply with 18 U.S.C. §§ 3584(b) and 3553.  Petitioner's claims are therefore properly considered under Section 2255, not under Section

2241.[6] Furthermore, Petitioner has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Accordingly, Petitioner's claims cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

**D.     The Accardi Doctrine.**

Petitioner argues that the BOP violated the "Accardi Doctrine" by failing to follow its own mandatory review process when considering his request for nunc pro tunc designation. Specifically, Petitioner contends that the BOP violated Program Statement [P.S.] 5160.05. Petitioner states that P.S. 5160.05 delegated the authority to make concurrent designations exclusively to the Regional Directors. Petitioner complains that his request for nunc pro tunc designation was considered by the BOP's Designation and Sentence Computation Center [DSCC]. Petitioner, therefore, asserts that his procedure "created an unfair and prejudicial review process where the Regional Director's consideration of Ephraim's request was had under the sway of an adverse determination made by prison administrators."

Respondent claims that Petitioner's argument is without merit. Respondent states that even though P.S. 5160.05 gives Regional Directors the authority to make a nunc pro tunc designation, the initial analysis of a prisoner's designation is appropriately left to the Regional Inmate Systems Administrator (now the DSCC).

---

[6] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The Accardi Doctrine provides that when an agency fails to follow its own procedures and regulations, that agency's actions are generally invalid. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); also see Nader v. Blair, 549 F.3d 953, 962 (4th Cir. 2008). "The crucial question is whether the alleged conduct . . . deprived petitioner of any of the rights guaranteed him by the statute or by the regulations issued pursuant thereto." Accardi, 347 U.S. at 265, 74 S.Ct. at 502. In the instant case, Petitioner contends that the BOP failed to comply with P.S. 5160.05 because the Regional Director is delegated exclusively authority to make concurrent designations. P.S. 5160.05, however, provides as follows:

> 8.    Authority for Designations. The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.
>
> > ■    A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.
>
> a.    Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.
>
> Information reviewed will include:
>
> > ■    inmate discipline history,
> > ■    institutional adjustment,
> > ■    recommendations of the Wardens at the state and federal institutions,
> > ■    the recommendation of the prosecuting Assistant U.S. Attorney,
> > ■    intent of the federal sentencing court, if available, and
> > ■    any other pertinent information regarding the inmate.
>
> b.    In the event of an "exception," the above information will be sent to the appropriate RISA who will coordinate a response.
>
> The Regional Director is the final authority to determine exceptions.

P.S. 5160.05 § 8. Section 9(b)(4) sets forth the procedure to be followed by the RISA and the

17

Regional Director when an inmate requests nunc pro tunc review. P.S. 5160.05 § 9(b)(4). Section 10(b) further provides that "[t]he RISA, through the Regional Director, may make a nunc pro tunc designation to the non-federal institution using a letter to the U.S. Marshals Service." P.S. 5160.05 § 10(b).

Based on the foregoing, the undersigned finds that Plaintiff's nunc pro tunc designation was appropriately considered by the DSCC (formerly the RISA). See Mitchell v. Lara, 2012 WL 1080290 * 1 n. 3. (S.D.N.Y. April 2, 2012)(finding that the DSCC is now responsible for reviewing inmate requests for nunc pro tunc designation, not RISA). Although the Regional Director has the final authority, P.S. 5160.05 clearly provides that an inmate's designation may be considered by the RISA (currently the DSCC). Accordingly, the BOP did not fail to follow its own procedures in violation of the Accardi Doctrine by allowing the DSCC to initially consider Petitioner's request for nunc pro tunc designation.[7]

## E.    Constitutionality of 18. U.S.C. § 3584(a).

In his Petition, Petitioner challenges the constitutionality of 18 U.S.C. § 3584(a). Respondent argues that "[t]he Court should not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of." (Document No. 9, p. 13.) Thus, Respondent states that "the Court need not reach this issue in the instant petition." (Id.) Title 18 U.S.C. § 3584(a) provides that multiple terms of imprisonment, including sentences mandated by different sovereigns, imposed at different times are presumed to run consecutively if the sentencing court is silent on the matter. 18 U.S.C. § 3584(a); United States v. Hardesty, 958 F.2d 910, 912 (9th

---

[7] Even assuming that the BOP failed to follow its own procedures, Petitioner has failed to show an actual injury or that he suffered prejudice concerning the rights sought to be protected by P.S. 5160.05.

Cir. 1992)("It is well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses. Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns.") Petitioner, therefore, alleges that his sentence is invalid because Section 3584 is unconstitutional. For the reasons stated above, the undersigned finds that Petitioner may not challenge the validity of his sentence under Section 2241.

**F.      Claim of Retaliation.**

Petitioner alleges that the BOP's "hurried, preemptive manner in which [it] considered [his] request indicates that its determination was the product of retaliatory conduct." Respondent argues that Petitioner's claim is without merit. The Fourth Circuit has held that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(*en banc*)(citations omitted). To prevail upon a claim of retaliation, the inmate must specifically demonstrate that but for his protected conduct, he would not have been subject to the alleged retaliatory act. See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990). Essentially, the inmate must first demonstrate that he engaged in protected conduct and second that his protected conduct motivated the retaliatory act.

To the extent that Petitioner alleges retaliation in response his filing of a Section 2241 Petition, the undersigned will find that he has satisfied the first part of the analysis. Petitioner has not, however, demonstrated that the denial of his nunc pro tunc request was motivated in any manner by his filing of habeas corpus petition. As stated above, the BOP appropriately considered Petitioner for nunc pro tunc designation following the granting of his Section 2241 petition by the Western

District of North Carolina. The undersigned finds that the record clearly establishes that the Petitioner's nunc pro tunc request was denied for legitimate, nonretaliatory reasons. Therefore, Petitioner's conclusory allegations of retaliation do not establish a claim of constitutional magnitude.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: October 9, 2013.

R. Clarke VanDervort
United States Magistrate Judge

21