```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**LIONELL E. EPHRAIM,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:12-04701**

**KAREN HOGSTEN, Warden,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge VanDervort submitted his proposed findings and recommendation on October 9, 2013.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

Plaintiff filed objections to the Proposed Findings and Recommendation on November 12, 2013. Because plaintiff filed his objections timely,[1] this court has conducted a de novo review of the record as to those objections wherein de novo review is merited. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). However, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In large part, plaintiff's objections do not point to a specific error in the magistrate judge's PF&R but, rather, merely disagree with the conclusions contained therein and refer the court to his earlier filed briefs.

## II.  Analysis

On August 27, 2012, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. In that filing, he asserted that the Bureau of Prisons ("BOP") is improperly calculating his term of imprisonment. Specifically, Ephraim wants to receive credit for time he spent

---

[1] On July 18, 2014, the court granted plaintiff's motion for an extension of the deadline to file objections.

in state custody prior to commencing his federal sentence. Magistrate Judge VanDervort concluded that 1) Ephraim's federal sentence did not commence until August 28, 2006, the day he was released to federal custody; and 2) the BOP properly considered Ephraim's request for nunc pro tunc designation.

In his objections, Ephraim asks this court to find that a nunc pro tunc designation is appropriate under the facts and circumstances of this case. Specifically, his primary objection is that the BOP did not properly consider him for nunc pro tunc designation because, according to Ephraim, the BOP failed to consider the statements of the sentencing judge. For the reasons discussed below, this objection is without merit.

"A federal sentence does not commence until the Attorney General receives the defendant into her `custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ."); see also United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served"). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for

3

service of the federal sentence." <u>Evans</u>, 159 F.3d at 911-12.

In deciding whether to make a nunc pro tunc designation, the BOP is guided by 18 U.S.C. § 3621(b), which provides as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence-
> >
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> >
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); <u>Trowell v. Beeler</u>, 135 F. App'x 590, 594 (4th Cir. 2005). As our appeals court has noted, "Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement. . . ." <u>Id.</u> at 593.

4

Although the BOP must consider a prisoner's nunc pro tunc designation request, it is not obligated to grant such a request. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991); see also Trowell, 135 F. App'x at 595 (holding that the BOP "must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court"). The BOP's decision is reviewed for an abuse of discretion. See Trowell, 135 F. App'x at 593. Its decision in this regard is "entitled to a presumption of regularity and will not be disturbed in the absence of clear evidence to the contrary or abuse of discretion." Loveless v. Ziegler, Civil Action No. 5:11-cv-00991, 2012 WL 3614315, *7 (S.D.W. Va. Aug. 21, 2012).

Given the wide discretion accorded to the BOP in making such determinations, see McCarthy v. Warden, 544 F. App'x 52, 54 (3d Cir. 2013), the court agrees with Magistrate Judge VanDervort that Ephraim is not entitled to habeas relief. The record reflects that the BOP did review Ephraim's request under the five factors stated in § 3621(b), and denied his request based upon the nature and characteristics of the offense of conviction, the history and characteristics of the prisoner, and the silence of the sentencing court regarding how the sentence should be served.[2]

---

[2] Although the BOP will sometimes send the federal sentencing judge a letter regarding an inmate's request for nunc pro tunc designation, there is no indication that this happened in this case. However, sending such a letter would not have been helpful as Judge MacKenzie retired on January 30, 1998, and passed away

As Magistrate Judge VanDervort noted, the BOP properly considered Ephraim's request for nunc pro tunc designation. According to Ephraim, the BOP failed to consider the statement of the court imposing sentence that indicated his sentence should run concurrently. However, as Magistrate Judge VanDervort correctly pointed out, the court's statements at sentencing do not support Ephraim's argument herein. The sentencing transcript reflects that the court considered plaintiff's state sentence and imposed a lesser federal sentence. There is nothing in the transcript or sentencing documents that indicate the federal court intended plaintiff's federal and state sentences to run concurrently. For this reason, plaintiff's objection is OVERRULED.

Indeed, Ephraim eventually concedes that the sentencing transcript does not demonstrate that the sentencing judge intended for his federal and state sentences to run concurrently. See Objections at p. 6 ("Therefore, Ephraim is not arguing that the sentencing judge's statements indicate that `he intended to run [Ephraim's] Federal sentence concurrently with his State sentence", as the magistrate judge has wrongly asserted in his findings . . ."). Instead, plaintiff contends:

> The thrust of Ephraim's claim regarding FBOP's failure to consider the sentencing judge's relevant statements is that

---

on January 1, 2010. Federal Judicial Center, http://www.fjc.gov (last visited October 26, 2015).

those statements would have supported his contention that the sentencing judge would have favored a nunc pro tunc designation, under the circumstances of his case.  <u>Not that those statements indicated the judge's intent to run his federal and state sentences concurrently, as the magistrate judge has characterized.</u>") (emphasis added).

Objections at p. 4 (emphasis added).

Essentially, Ephraim is contending that his case is akin to <u>Jefferson v. Berkebile</u>, 688 F. Supp.2d 474 (S.D.W. Va. 2010), and that, therefore, he is entitled to habeas relief.  In that case, the court ordered a petitioner's immediate release based on the federal sentencing judge's erroneous assumptions that: (1) the petitioner's impending state sentence would run concurrently with his federal sentence; (2) the petitioner would be transferred from a state jail to a federal prison shortly after the federal sentencing hearing; and (3) the petitioner's federal sentence would likely be the only punishment petitioner would receive.  Concluding that the federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure[,]" the court determined that habeas relief was appropriate.  <u>Jefferson v. Berkebile</u>, 688 F. Supp.2d 474, 485-86 (S.D.W. Va. 2010)  Ephraim contends that his case is like <u>Jefferson</u> in that the federal sentencing court "could not have foreseen the detrimental change in his state parole eligibility status."  Objections at p. 10.  Plaintiff's objection is without merit.

Plaintiff's situation is not akin to the one in Jefferson. In the instant case, there is absolutely no evidence in the record to support plaintiff's claim that his federal sentence was in any way impacted by or fashioned with an eye towards the sentencing court's assumptions regarding his state parole eligibility. Indeed, a review of the sentencing transcript reveals that Ephraim's state parole eligibility was never even mentioned. Therefore, unlike Jefferson, there is no indication that Judge MacKenzie imposed a greater sentence based on false assumptions. See Loveless v. Ziegler, Civil Action No. 5:11-cv-00991, 2012 WL 3614315, *6 (S.D.W. Va. Aug. 21, 2012) (explaining that the case was not similar to Jefferson v. Berkebile because "[n]early none of the circumstances from Jefferson that so troubled the Court are present in this case"). For this reason, plaintiff's objection is OVERRULED.

Plaintiff's objection that the BOP violated the Accardi doctrine is likewise without merit. The "Accardi doctrine . . . provides that when an agency fails to follow its own procedures and regulations, that agency's actions are generally invalid." Nader v. Blair, 549 F.3d 953, 962 (4th Cir. 2008)(citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954)). As Magistrate Judge VanDervort clearly explained, there is no Accardi error. See PF&R at pp. 16-18. Plaintiff fails to point

to a specific error in that analysis and, accordingly, his objection is OVERRULED.

With respect to plaintiff's objections number 3 and 4, those objections are likewise without merit. Ephraim takes exception to Magistrate Judge VanDervort's conclusion that he may not attack the validity of his sentence under § 2241. According to Ephraim, he is not attacking the imposition of his sentence but, rather, "[h]e merely asserts that his federal consecutive sentence is invalid and attacks the constitutionality of FBOP's deference to his invalid sentence as the primary basis of its denial of his request." Objections at p.8. This is a distinction without difference. It is clear that Ephraim is attacking the validity of his sentence and, therefore, his objection is OVERRULED.

As to plaintiff's claim that the constitutionality of 18 U.S.C. § 3584(a) is properly considered under § 2241, it is of no legal consequence. For whether it is considered under § 2241 or § 2255, the fact remains that 3584(a)'s presumption is not unconstitutional. Cf. United States v. Kakinami, (CR. No. 05-00373 DAE, 2007 WL 1430328, *3 (D. Haw. May 11, 2007) ("There is nothing unconstitutional about this [3584(a)] presumption that would allow relief under 28 U.S.C. § 2255.").

### III. Conclusion

For the reasons expressed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court DISMISSES plaintiff's application for Writ of Habeas Corpus and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 27th day of October, 2015.

                                     ENTER:

                                     David A. Faber
                                     Senior United States District Judge